AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 24-mj-4043 (MJS)
BLACK CHRYSLER PACIFICA, FLORIDA LICENSE )
PLATE NUMBER LCZC06 AND VIN NUMBER )
2C4RC1BG6PR606448, UNDER RULE 41. )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-3 (incorporated by reference)

Located within the jurisdiction of the District of New Jersey, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 1591 | (Sex Trafficking by Force, Fraud, and Coercion); |
| 18 U.S.C. § 2421(a) | (Transportation for the Purpose of Prostitution); |
| 18 U.S.C. § 1952(a)(3)(A) | (Interstate Travel and Transportation in Aid of Racketeering); |
| 18 U.S.C. § 2422(a) | (Coercion and Enticement). |

The application is based on these facts:

See Attachment C, Affidavit in Support of Application for Search Warrant.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *) is requested under* 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jeremiah Johnson, Detective
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone _____ *(specify reliable electronic means)*.

Date: 7/25/2024

*Judge's signature*

City and state: Camden, New Jersey

Matthew J. Skahill
(United States Magistrate Judge)

CONTENTS APPROVED
UNITED STATES ATTORNEY

By: *Josephine Park*

JOSEPHINE J. PARK, Assistant U.S. Attorney,
DISTRICT OF NEW JERSEY,
on behalf of
RACHEL FORMAN, Assistant U.S. Attorney,
DISTRICT OF COLUMBIA

Date: July 25, 2024

## ATTACHMENT A-3

The vehicle to be searched is a Black Chrysler Pacifica, Florida license plate number LCZC06 and VIN number 2C4RC1BG6PR606448 (the "SUBJECT VEHICLE").



## ATTACHMENT B

### *Property to be seized*

1. The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to a violation of 18 U.S. Code § 1591 (Sex Trafficking by Force, Fraud, and Coercion), 18 U.S.C. § 2421(a) (Transportation for the Purpose of Prostitution), 18 U.S.C. § 1952(a)(3)(A) (Interstate Travel and Transportation in Aid of Racketeering), and 18 U.S.C. § 2422(a) (Coercion and Enticement) herein referred to as the "TARGET OFFENSES") that have been committed by Johnny GIBSON ("the SUBJECT") and other identified and unidentified persons, as described in the search warrant affidavit; including, but not limited to:

   a. Evidence of the TARGET OFFENSES, including but not limited to condoms, narcotics, narcotics paraphernalia, clothing, financial assets (including cash);

   b. Evidence of any conspiracy, planning, or preparation to commit the TARGET OFFENSES;

   c. Evidence concerning efforts after the fact to conceal evidence of the TARGET OFFENSES, or to flee prosecution for the same;

   d. Evidence concerning materials, devices, or tools that were used to unlawfully commit the TARGET OFFENSES;

   e. Evidence of communication devices;

   f. Evidence of the state of mind of the subject and/or other co-conspirators, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

   g. Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

2. Records and information that constitute evidence of identity, including but not limited to identification card(s), credit cards, wallet(s), electronic device(s):

3. Address and/or telephone books and papers reflecting names, addresses and/or telephone numbers, which constitute evidence of customers, distributors, conspirators, and potential witnesses of violations of the TARGET OFFENSES.

4. Records and information—including but not limited to documents, communications, emails, online postings, photographs, videos, calendars, itineraries, receipts, and financial statements—relating to commercial sex, drug transactions and use, etc.:

5. Photographs, in particular photographs of co-conspirators, assets, and contraband, which constitute evidence of the TARGET OFFENSES.

6. Evidence of relationships between members of a conspiracy, including evidence of identification and evidence of motivation to engage in the TARGET OFFENSES.

7. Cellular telephones, SIM cards, computers, laptops, I-Pads, DVDs, hard drives, and electronic store devices, and receipts reflecting their ownership and use, which contain records of the commission of the TARGET OFFENSES.

8. Safes, both combination and key type, and their contents, which can contain evidence of the commission of the TARGET OFFENSES or proceeds from the commission of the TARGET OFFENSES.

9. Indicia of ownership, including, receipts, invoices, bills, canceled envelopes, and keys, which provides evidence of identity as to individuals committing the TARGET OFFENSES; and

10. Digital devices used in the commission of, or to facilitate, the above described offense.

11. For any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)":

    a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

    b. evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

    d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

    e. evidence of the times the Device(s) was used;

    f. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

  g. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

  h. records of or information about Internet Protocol addresses used by the Device(s);

  i. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

 12. Routers, modems, and network equipment used to connect computers to the Internet.

During the execution of the search of the SUBJECT PREMISES and SUBJECT VEHICLE described in Attachment A-1 through A-3, law enforcement personnel are also specifically authorized to obtain from SUBJECT PERSONS (Piper Renner, Kristen Smith, Krystal Waz, and Lisa Ramirez, but not any other individuals present at the SUBJECT PREMISES at the time of execution of the warrant) the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any Device(s) requiring such biometric access subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned person(s)' physical biometric characteristics will unlock the Device(s), to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of:

  (a) any of the Device(s) found in the SUBJECT VEHICLE,

      (b)      where the Device(s) are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the Device(s)'s security features in order to search the contents as authorized by this warrant.

      While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the Device(s). Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) is permitted. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person(s) for the password to any Device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.

      As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media

that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "digital devices" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions.

## ATTACHMENT C

*Affidavit in Support of Application*

I, Detective Jeremiah P. Johnson, duly sworn, depose and state:

1. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. Your affiant is a sworn member of the Metropolitan Police Department of the District of Columbia. Since 2009, he has worked in the capacity of patrol officer, automobile theft investigator, child abuse investigator, and currently as an investigator at the Federal Bureau of Investigation (FBI) Child Exploitation and Human Trafficking Task Force (CEHTTF). Your affiant has been deputized by the United States Marshal Service as a Task Force Officer. Your affiant's duties and responsibilities are to investigate the sexual exploitation of children, to include child pornography, sex trafficking of minors, and sex trafficking related offenses. Your affiant has gained experience in conducting such investigations through training in seminars, classes, and everyday work related to these types of investigations.

2. The facts set forth in this Affidavit are based on: (a) my own personal knowledge and observations; (b) knowledge obtained from other individuals, including other law enforcement officers who are involved in the investigation; (c) my review of documents and records related to this investigation; (d) communications with others who have personal

knowledge of the events and circumstances described herein; and (e) information gained through my training and experience.

3. I make this affidavit in support of an application for a warrant to search the entire premises of Rooms 108 and 236 at the Rodeway Inn, 801 Crescent Blvd, Brooklawn, NJ 08030 ("SUBJECT PREMISES 1 and 2"), which are more particularly described in Attachments A-1 and A-2 as well as Gibson's vehicle (the "SUBJECT VEHICLE"), who is more particularly described in Attachments A-3.

4. Authority is sought to search SUBJECT PREMISES 1, SUBJECT PREMISES 2, and SUBJECT VEHICLE for the items specified in Attachment B, which constitute evidence, contraband, fruits, and instrumentalities of violations of 18 U.S. Code § 1591 (Sex Trafficking by Force, Fraud, and Coercion), 18 U.S.C. § 2421(a) (Transportation for the Purpose of Prostitution), 18 U.S.C. § 1952(a)(3)(A) (Interstate Travel and Transportation in Aid of Racketeering), and 1 8 U.S.C. § 2422(a) (Coercion and Enticement) herein referred to as the "TARGET OFFENSES"), which makes it a crime to engage in sex trafficking by use of fraud, force, and/or coercion. Authority is further sought to search the entire premises and computers, or computer storage media located therein, where the items specified in Attachment B may be found, and to seize all items listed in Attachments B as evidence, contraband, fruits and instrumentalities of the TARGET OFFENSES.

5. Because this affidavit is submitted for the limited purpose of securing a search warrant for SUBJECT PREMISES 1 and 2, and SUBJECT VEHICLE, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of the TARGET

OFFENSES is located at SUBJECT PREMISES 1 and 2 and in the SUBJECT VEHICLE. Where statements of others are set forth in this affidavit, they are set forth in substance and in part. The events described in this affidavit occurred on or about the dates provided herein.

6. As a result of the investigation described in **Exhibit A**, there is probable cause to believe that JOHNNY GIBSON ("GIBSON") has violated the TARGET OFFENSES. Furthermore, there is probable cause to believe that evidence, contraband, fruits, and instrumentalities of violations of the TARGET OFFENSES are present at SUBJECT PREMISES 1, SUBJECT PREMISES 2, and/or in the SUBJECT VEHICLE.

7. On July 24, 2024, the Honorable Matthew J. Skahill, United States Magistrate Judge, authorized search warrants for Room 232 at the Rodeway Inn, 801 Crescent Blvd, Brooklawn, NJ 08030, as well as the persons of and immediate possessions of Piper Renner, Krystal Waz, Kristen Smith, and Lisa Ramirez. *See* 24-mj-4032, 24-mj-4033, 24-mj-4034, 24-mj-4035, and 24-mj-4036 ("July 24 Warrants"). A copy of the global Affidavit in support of the July 24 Warrants is attached as **Exhibit A** and incorporated herein by reference. The July 24 Warrants permitted agents, among other things, to seize and search evidence, contraband, fruits, and instrumentalities of violations of the TARGET OFFENSES.

### Gibson's Arrest and the Events of July 25, 2024

8. At approximately 6:00 a.m. on Thursday July 25, 2024, an FBI arrest team arrived at the Rodeway Inn in Brooklawn, New Jersey to execute an arrest warrant for Gibson which was signed on July 17, 2024, by the Honorable G. Michael Harvey in the District of Columbia, and to search Room 232, pursuant to a search warrant signed on July 24, 2024, by the Honorable Matthew J. Skahill in the District of New Jersey.

9. Gibson was placed under arrest without incident at Room 232.

10. During the execution of the arrest and search warrants, FBI agents identified additional hotel rooms reserved or being used by Gibson and the SUBJECT PERSONS (*i.e.* women working as prostitutes for Gibson) at the Rodeway Inn.

11. FBI agents interviewed staff at the front desk of the Rodeway Inn. The staff member confirmed that Gibson was in room 232, and further reported that Gibson had also reserved room 108. Law enforcement then observed Lisa Ramirez exiting room 108. As discussed in **Exhibit A**, Ramirez worked for Gibson as a prostitute.

12. During his arrest, Gibson voluntarily spoke to law enforcement and told them that Kristen Smith and Krystal Waz (two additional prostitutes working for Gibson) were also at the hotel and were in room 236. Gibson then used his phone to call these two women and asked them to come outside. They women complied.

13. During a search incident to Gibson's arrest, law enforcement found a vehicle key fob in Gibson's pocket. The key turned on the lights of a Black Chrysler Pacifica minivan that was located in the hotel parking lot. The minivan bears Florida license plate number LCZC06 and VIN number 2C4RC1BG6PR606448.

14. Based on my training and experience and the facts set forth above and in **Exhibit A**, there is probable cause to believe that Gibson was using the Black Chrysler Pacifica minivan in furtherance of committing the TARGET OFFENSES since Gibson has a history of moving women across state lines to work as prostitutes and will therefore contain evidence of the TARGET OFFENSES.

**Conclusion**

16. I submit that this affidavit supports probable cause for a warrant to search the SUBJECT PREMISES described in Attachments A-1, and A-2, and the SUBJECT VEHICLE described in Attachment A-3, and to seize the items described in Attachment B.

Respectfully submitted,

_____
Detective Jeremiah Johnson
Task Force Officer
Federal Bureau of Investigation
Metropolitan Police Department of D.C.
Badge # D1-1262

MPD Detective Jeremiah Johnson attested to the contents of this affidavit by telephone pursuant to Federal Rule of Criminal Procedure 4.1(b)(2)(A) on this 25th day of July, 2024.

_____          Date: July 25, 2024
HON. MATTHEW J. SKAHILL
UNITED STATES MAGISTRATE JUDGE